# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D19-2225 & 3D19-2308
Lower Tribunal No. 15-18873

_____

**Carlos Pena,**
Appellant,

vs.

**Carlos H. Rincon, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Ilene F. Tuckfield, P.A., and Ilene F. Tuckfield, for appellant/cross-appellee.

Keith D. Silverstein, P.A., and Keith D. Silverstein, for appellee/cross-appellant Carlos H. Rincon; Vazquez & Associates, and Steven B. Herzberg, for appellee 900 Southwest, LLC.

Before FERNANDEZ, C.J., and SCALES and MILLER, JJ.

SCALES, J.

In this consolidated appeal, Carlos Pena, plaintiff below, appeals the trial court's final judgment determining that efforts undertaken by Pena and his former business partner, Carlos H. Rincon, defendant below, manifested the parties' intent to terminate their business partnership and partition a commercial property that formed the partnership's basis. Pena's appeal also challenges Rincon's subsequent transfer of Rincon's post-partition parcel to intervenor, appellee 900 Southwest, LLC (case number 3D19-2308).

Rincon appeals the portion of the final judgment finding that the parties had agreed to an equal division of their commercial property, that Rincon breached this agreement, and that Rincon must pay the amount of $200,000 to Pena in damages (case number 3D19-2225). We consolidated the two appeals and affirm the trial court's final judgment in all respects.

The trial court was placed in the unenviable position of unraveling a complex series of transactions undertaken by two individuals who – unrepresented by transactional counsel – were trying to go their separate ways. The trial court determined that the parties agreed to split their commercial property on a 50-50 basis and had executed a series of documents to effectuate this agreement. The findings of fact contained in the trial court's detailed, well-reasoned final judgment – rendered after a six-day bench trial – are supported by competent, substantial evidence. See Miami-

2

Dade Cnty. Expressway Auth. v. Elec. Transaction Consultants Corp., 300 So. 3d 291, 294 (Fla. 3d DCA 2020). Indeed, in the final judgment, each of the trial court's factual findings specifically references the portion of the trial record that supports the finding.

We review a trial court's legal conclusions *de novo.* See Fla. High School Athletic Ass'n v. Johnson, 279 So. 3d 794, 796-97 (Fla. 3d DCA 2019). Our review reveals no legal error. Specifically, based on the facts it found, the trial court correctly concluded that a contract to divide the commercial property equally between Pena and Rincon was formed; the quitclaim deeds intending to divide the commercial property between Pena and Rincon were effective; a unity of title burdening the property did not invalidate the quitclaim deeds; and Pena (via his private cause of action) could not enforce the unity of title that, decades earlier, had been placed on the property to facilitate the permitting of a satellite antenna, which was subsequently destroyed in a hurricane.

Affirmed.